{¶ 16} I certainly concur in the well-reasoned opinion of the majority, but write separately to address an issue raised by this appeal but not addressed in the arguments.
 {¶ 17} On December 27, 2005, the trial judge dismissed this matter for violation of Butler's speedy trial rights. Butler's assigned counsel filed his fee bill on December 29, 2005; counsel's fee was ordered paid on January 3, 2006. On January 20, 2006, the State filed its notice of appeal, serving only Butler's former counsel, and making no service attempt whatsoever upon Butler. Accordingly, no appearance was made by counsel and no brief was filed on behalf of Butler in this appeal.
 {¶ 18} Loc.R. 33, Part I, (E) of the Court of Common Pleas of Cuyahoga County, General Division, states that "the attorney's assignment shall continue until the disposition of all of the defendant's pending cases." Rule 3(B)(3) of the Eighth Appellate District Local Rules provides that "counsel, or litigants filing notices of appeal on their own behalf, must include current names and addresses for counsel of record for appellees with sufficient copies for service on all counsel. In the event thatan appellee is unrepresented, then the appellee's current addressand a copy for service on that appellee must be provided." (Emphasis added.)
 {¶ 19} In this case, trial counsel's representation was concluded either when he submitted his final bill or when his fee bill was ordered paid. Therefore, when the State filed its notice of appeal, it was required to name and serve Butler.
 {¶ 20} Because this court affirmed the trial court, despite the lack of brief from Butler, one might facetiously invoke the "no harm, no foul" rule. An unserved and unrepresented appellee in another case might not be so fortunate, however. Accordingly, I find that where the State's notice of appeal is filed after assigned counsel has filed his fee bill, obtained an order of the payment from the court and is no longer "attorney of record," it is the State's duty to serve the appellee himself.